UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CIRCLE TRUCKING, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TRAVELERS CASUALTY AND )<br>SURETY COMPANY OF AMERICA, )<br>)<br>Defendant. ) | CIVIL ACTION NO. 05-10991-NG |

## CIRCLE TRUCKING INC.'S MOTION FOR EXPEDITED SCHEDULING/ CASE MANAGEMENT CONFERENCE

Plaintiff, Circle Trucking, Inc. ("Circle") moves for an expedited Rule 16 scheduling/case management conference. In the main, this is an action filed by Circle to collect money due and owing to it from Travelers Casualty Surety Company of American ("Travelers") for equipment provided in conjunction with a construction project for the Massachusetts Housing Finance Agency ("MHFA") involving the redevelopment of low income housing in Roxbury, Massachusetts known as Academy Homes II, located at 1900-1964 Washington Street, Boston, Massachusetts (the "Project"). Circle originally filed an action in Suffolk Superior Court captioned *Circle Trucking, Inc. v. ODF Contracting Co., Inc. and Travelers Casualty & Surety Company of America, Inc.*, Civil Action No. 03-05217 (the "State Action"). By Memorandum of Decision and Order dated April 7, 2005, (the "Decision") the Suffolk Superior Court (Fahey, J.) determined that the Project was a public work under the Miller Act and dismissed Circle's claims against Travelers under its bond concluding that exclusive jurisdiction for these claims

was in the United States Federal District Court and adopted "the conclusion of Lauriat, J. that the defendant [Travelers] waived the statutory one year required filing." The decision left one remaining claim in the State Action against Travelers under M.G.L. c. 93A. Travelers has since moved to dismiss Circle's 93A claim. A hearing on that Motion is scheduled for July 19, 2005. As a result of the Decision, Circle filed this action. To avoid prejudice and expense to Circle, it requests an expedited scheduling conference to allow the Court to assess this case and craft an appropriate order allowing for a speedy determination of certain threshold legal issues. Such a determination may obviate the need for Circle to exercise its appellate rights in a parallel proceeding in state court. As additional reasons therefore, Circle asserts and avers as follows:

## FACTUAL BACKGROUND

1. By this action, Circle, a supplier of rental equipment, seeks to recover damages from Travelers, a surety, arising out of Circle's supply of rental equipment, vehicles, tools or other appliances used or employed in the Project.

2. In conjunction with the Project, Travelers issued a bond for the benefit of subcontractors and suppliers, such as Circle (the "Bond"). The Bond identified ODF Contracting Co., Inc., Hoon Companies, Inc. and Peabody Construction Company, Inc. (collectively "OHP") as the principal, and MHFA as the owner.

3. Before the filing of any litigation, OHP reviewed Circle's invoices and made an independent determination that at least $168,385 was due to Circle. Notwithstanding OHP's determination that at least $168,385 was due to Circle, Travelers refused to make payment. Instead, Travelers has attempted to avoid its obligation under the terms of the Bond by, among other things, representing that the Bond it issued was a

Massachusetts statutory bond, requiring, among other things, a lawsuit in state court, and then waiting over a year, and taking a contrary position that the Bond was actually a federal Miller Act bond. As a result of Travelers' conduct, Circle was forced to file an action to collect its contract balances, to incur costs and fees in prosecuting its lawsuit in state court, and to file a second lawsuit in federal court – all to collect money which is undisputedly due to Circle.

### Circle Files a Lawsuit in Superior Court to Perfect its Claim on the Statutory Bond

4. As a result of Travelers' failure to pay Circle's claim, on or about November 3, 2003, Circle was forced to file the State Action.

5. Notwithstanding Circle's numerous oral and written requests to OHP, OHP never produced a copy of the Bond. Based on Circle's good faith investigation, it concluded that MHFA was the owner of the Project and accordingly that the Bond was indeed issued pursuant to M.G.L.C. 149, § 29.

6. In its response to Circle's Complaint, Travelers represented that it issued a Massachusetts statutory bond.

7. Circle relied upon Travelers' representations and the fact the MHFA, a public instrumentality, was the owner of the Project, and continued the prosecution of its claims against Travelers under M.G.L.C. 149, § 29.

### After Waiting Over a Year Travelers Files a Motion to Dismiss

8. On or about December 7, 2004, Travelers filed a Motion to Dismiss based upon, among other things, lack of subject matter jurisdiction of the Massachusetts Superior Court. Travelers' alleged that the Project was a federal project and that consequently Circle's claims must be brought in federal court under the Miller Act. This

was the first suggestion that the Project was a "public building or public work of the Federal Government" and thus subject to the Miller Act, 40 U.S.C. §§ 3131 *et seq.*

9. By the Decision, the Suffolk Superior Court (Fahey, J.) determine that the Project was a public work under the Miller Act and dismissed Circle's claims against Travelers under the Bond concluding that exclusive jurisdiction for these claims was in the United States Federal District Court.

10. The Decision stated that the dismissal was expressly "without prejudice" to Circle's claims being refilled in the Federal Court. The Court stated in its decision that it "adopts the conclusion of Lauriat, J. that the defendant [Travelers] waived the statutory one year required filing."

11. As a result of the Decision, in or around April 2005, Circle filed this action.

12. A hearing has been scheduled on Travelers' Motion to Dismiss Circle's remaining 93A claim for July 19, 2005 in the State Action.

## ARGUMENT

### Expedited Scheduling Conference is Necessary to Avoid Prejudice to Circle

13. As the result of the complex procedural history and the Decision in the State Action, this case requires immediate assessment. Specifically, the Court needs to address certain threshold legal issues including classifying the type of bond Travelers issued and determining the binding nature of the Decision made in the State Action. Both of these issues materially impact the rights of both parties and both issues may be resolved expeditiously – as there are no disputed facts and the determination is a matter of law. The resolution of these issues will allow the parties to assess their respective rights both in state and federal court and may avoid additional expenses.

WHEREFORE, for the above reasons, Circle requests that this Court order an expedited scheduling/case management conference at the Court's earliest convenience.

CIRCLE TRUCKING, INC.
By its Attorneys,

s/s Richard Briansky
Christopher Weld, Jr. (BBO #522230)
Richard E. Briansky, Esq. (BBO# 632709)
Todd & Weld LLP
28 State Street, 31st floor
Boston, Massachusetts 02109
Phone: (617) 720-2626
Fax:    (617) 227-5777

Dated: June 30, 2005

### Certificate of Compliance with Local Rule 7.1

I, Richard Briansky, on June 27, 2005, conferred with Jonathan Burwood, attorney for Travelers Casualty and Surety Company of America, in good faith to resolve this dispute set forth herein. Despite good faith effort, we were unable to resolve this dispute.

s/s Richard Briansky
Richard Briansky

### CERTIFICATE OF SERVICE

I, Richard Briansky, hereby certify that on June 30, 2005, I caused a true copy of Circle Trucking Inc.'s Motion for Expedited Scheduling/Case Management Conference to be served by first class mail, postage prepaid, upon all counsel of record unless received by Electronic Filing from the Court.

s/s Richard Briansky
Richard Briansky